**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (JA: 9184)
225 Broadway, Suite 307
New York, New York 10007
Telephone: (212) 323-6980

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NESTOR BALAREZO, on behalf of
himself and others similarly situated,

          Plaintiff,

 -against-

PARTS AUTHORITY INC. d/b/a PARTS
AUTHORITY, THE JORDAN COMPANY
GP, LLC d/b/a THE JORDAN COMPANY
and RANDY BULLER, YARON ROSENTHAL,
STEVEN YANOFSKY and DAVID
WOTMAN, individually,

          Defendants.
------------------------------------------------------------------------X

COMPLAINT

CLASS ACTION

FLSA COLLECTIVE

ECF CASE

Plaintiff, Nestor Balarezo ("Balarezo" or "Plaintiff"), on behalf of himself and all other similarly situated general laborers by his attorney, The Law Offices of Jacob Aronauer, complaining of the Defendants Parts Authority Inc. d/b/a Parts Authority , The Jordan Company GP, LLC d/b/a The Jordan Company, and Randy Buller, Yaron Rosenthal, Steven Yanofsky and David Wotman, individually (collectively herein "Defendants") alleges the following:

## PRELIMINARY STATEMENT

1.  This is a civil action brought by the Plaintiff and all other similarly situated general laborers, to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and

the collective class work or have worked as general laborers at any of the Parts Authority stores owned by Defendants.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at any of the auto parts store locations owned and controlled by the Defendants.

3. Plaintiff and the FLSA collective class also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wages, overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorney's fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an individual residing in New York County, New York and was employed by Defendants in Queens County, New York.

**Defendants**

9. Defendant Parts Authority, Inc., (the "Parts Authority") is a corporation engaged in the distribution of automotive and truck parts.

10. According to the Parts Authority website, the Parts Authority was established in 1972, and it is "one of the largest distributors of automotive and truck parts on the East Coast," with over eighty (80) locations in New York, New Jersey, Maryland, Arizona, Georgia, California and Washington D.C.

11. Defendant The Jordan Company (the "Jordan Defendants") is a private equity firm based in New York City with a secondary location in Chicago. According to the Jordan Defendants' website, they company "buy[s] and help[s] build established middle market companies with enterprise values from $100 million to $2 billion." The Jordan Company was founded by John "Jay" Jordan II, who is the company's current Chairman and Founding Partner.

12. Defendant The Jordan Company (the "Jordan Defendants") has its main office in New York at 399 Park Avenue, 30th Floor, New York, NY 10022.

13. Defendant The Jordan Company (the "Jordan Defendants") has a secondary office in Chicago at John Hancock Center, 875 N. Michigan Avenue, Suite 4040, Chicago, IL 60611.

14. On information and belief, in 2016, The Jordan Company purchased Parts Authority.

15. Randy Buller ("Buller"), Yaron Rosenthal ("Rosenthal"), Steven Yanofsky ("Yanofsky") and David Wotman ("Wotman"), have owned, maintained control, oversight and the direction of the Parts Authority.

16. Defendant Buller is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of the Parts Authority. Along with the other Defendants, Randy Buller exercised sufficient control over the Parts Authority to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Parts Authority.

17. Defendant Yaron Rosenthal is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of the Parts Authority. Along with the other Defendants, Yaron Rosenthal exercised sufficient control over the Parts Authority to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Parts Authority.

18. Defendant Steven Yanofsky is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of the Parts Authority. Along with the other Defendants, Steven Yanofsky exercised sufficient control over the Parts Authority to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Parts Authority.

19. Defendant David Wotman is a person engaged in business in Queens County who is sued individually in his capacity as an owner, officer and/or agent of the Parts Authority.

Along with the other Defendants, David Wotman exercised sufficient control over the Parts Authority to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Parts Authority.

20. Defendants Randy Buller, Yaron Rosenthal, Steven Yanofsky and David Wotman operate Parts Authority as a single integrated enterprise. Specifically, the New York Parts Authority locations are engaged in related activities and have a common business purpose.

21. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

22. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

23. Defendant Parts Authority is a New York limited liability company, having its main New York office at 495 Merrick Road, Rockville Centre, NY 11570.

24. At all times relevant to this action, Defendant Parts Authority was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25. Defendant Parts Authority has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

26. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly persons who are current and former employees of Parts

Authority since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

27. On information and belief the FLSA Collective consists of approximately three hundred to five hundred (300 to 500) similarly situated current employees at Parts Authority who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

28. Upon information and belief, each Parts Authority establishment owned by Defendants staffs approximately 5 general laborers, 7 salespeople and 2 cashiers.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their

records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

33. The position of general laborer is not exempt and has never been exempt.

34. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

36. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## CLASS ACTION ALLEGATIONS

37. **Proposed Class**. The proposed class comprises all individuals who worked for the Defendants as a general laborer or similarly situated position during the applicable limitations periods, at the Parts Authority locations.

38. **Ascertainability**. The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking general laborers. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

39. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of approximately 300-500 employees. Members of the class are ascertainable but so numerous that joinder is impracticable.

40. **Common Questions Of Law and Fact**. This case poses common questions of law and fact affecting the rights of all class members, including:

    a) the policies, practices, programs, procedures, protocols, and plans of Defendants regarding payment of overtime premiums;

    b) whether Defendants provided Plaintiffs with accurate wage statements as required under NYLL;

    c) whether Defendants are joint employers of Plaintiffs and similarly situated employees.

d) Whether the named Defendants conspired with each other and/or with any unnamed co-conspirator, as alleged herein; and

e) What relief is necessary to remedy Defendants' unfair and unlawful conduct as herein alleged.

41. **Typicality.** The claims of the individual Plaintiffs are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiffs the overtime premiums and other compensation, benefits, penalties, and protections required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

42. **Adequacy of Class Representation**. The individual Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

43. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

44. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

45. **Proposed Class.** Plaintiffs bring New York Labor Law ("NYLL") claims, pursuant to Fed. R. Civ. P. 23, on behalf of themselves and a class of persons consisting of all non-exempt employees that worked for the Parts Authority stores from February 27, 2011, to the date of final judgment in this matter. ("Rule 23 Class").

46. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assignors and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any of the Defendant entities; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

47. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

48. Upon information and belief, the size of the Rule 23 Class, which includes current and former employees of the Defendants' establishments, is approximately 300-500 people. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

49. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) willfully failing to pay its employees, including Plaintiffs and the Class Members, the appropriate overtime wages for hours worked in excess of 40 hours per workweek;

    willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of Defendants;

## FACTS

**Prior Wage and Hour Lawsuits Against Parts Authority**

50. Parts Authority is no stranger to wage and hour lawsuits. On information and belief, since just 2013, Parts Authority has been sued at least 14 separate times for wage and hour violations brought by their employees.

**Plaintiff Balarezo's Employment at Parts Authority**

51. From approximately 1999 through the present, Plaintiff has been as a general laborer on behalf of Defendants.

52. Throughout Plaintiff's employment with Defendants, Plaintiff has worked at the Parts Authority location at 12602 Northern Boulevard, Corona, NY 11368.

53. Throughout his employment with Defendants, Plaintiff has been scheduled to work more than 40 hours each week.

54. Throughout his employment with Defendants, even though Plaintiff is not exempt, Plaintiff is not paid any overtime.

55. Throughout Plaintiff's employment, Defendants do not require Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

56. Throughout Plaintiff's employment, Defendants pay Plaintiff weekly.

57. Defendants always pay Plaintiff in cash.

58. When Defendants pay Plaintiff, they do not provide Plaintiff with a notation of the hours he works.

59. Nor do Defendants provide Plaintiff with any documentation as to his rate of pay.

60. Throughout Plaintiff's employment with Defendants, he does not receive meal breaks.

61. In February 2017, Plaintiff suffered an injury at work and has been on approved medical leave from his employer.

**Plaintiff Balarezo's Work
Schedule and Salary at Parts Authority**

62. Throughout Plaintiff's employment with Defendants, Plaintiff works 6 days a week, Monday through Saturday.

63. Throughout Plaintiff's employment, Plaintiff is required to work from 8:00 a.m. to 6:00 p.m.

64. On occasion, Plaintiff is required to work past 6:00 p.m.

65. Throughout Plaintiff's employment with Defendants, even though Plaintiff works more than 40 hours each week, Plaintiff is not paid any overtime.

66. Rather, Plaintiff is only paid for the first 40 hours he works each week.

67. From 1999 through 2005, Plaintiff was paid $300 at the end of each week.

68. From 2005, through 2011, Plaintiff was paid $350 at the end of each week.

69. From 2011 until 2013, Plaintiff was paid $400 at the end of each week.

70. From 2013 through the present, Plaintiff is paid $420 at the end of each week.

**Defendants' Violations of the Wage Theft Protection Act**

71. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

72. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

73. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs**

74. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

76. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

77. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

78. Defendants' decision not to pay overtime was willful.

79. Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorney's fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

80. Plaintiff, on behalf of himself and the Rule 23 Class Members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. At all times relevant to the action, Plaintiff and the Rule 23 Class Members were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

82. Defendants failed to pay Plaintiff and the Rule 23 Class Members the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

83. Defendants' failure to pay required overtime was willful.

84. As a result of Defendants' NY Labor Law violations, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorney's fees and the costs of the action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

85. Plaintiff, on behalf of himself and the Rule 23 Class Members, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

86. Defendants willfully failed to supply Plaintiff and the Rule 23 Class Members with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class Members with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

88. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class Members with wage notices, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

89. Plaintiff, on behalf of himself and the Rule 23 Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants have willfully failed to supply Plaintiff and the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

92. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Parts Authority Inc. d/b/a Parts Authority and The Jordan Company GP, LLC d/b/a The Jordan Company and Randy Buller, Yaron Rosenthal, Steven Yanofsky and David Wotman, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorney's fees, and the cost of the action;

(c) Certification of this case as a class action pursuant to Rule 23;

(d) Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

(e) Damages for unpaid overtime due to Plaintiff and the Rule 23 Class Members in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorney's fees, and the cost of the action;

(f) Statutory penalties of fifty dollars for each work day that Defendants have failed to provide Plaintiff and the Rule 23 Class Members with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(g) Statutory penalties of two hundred fifty dollars for each work day that Defendants have failed to provide Plaintiff and the Rule 23 Class Members with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

(h) For prejudgment and post judgment interest on the foregoing amounts;

(i) For costs and disbursements of the action, including attorney's fees; and

(j) For such other further and different relief as the Court deems just and proper.

Dated: April 12, 2017
New York, New York

Respectfully submitted,

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer (JA: 9184)
225 Broadway, Suite 307
New York, NY 10007
Telephone: (212) 323-6980
Facsimile: (212) 233-9238
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*